IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KEATON TREY SOUZA,<br><br>Defendant. | CR 22-48-BLG-SPW<br><br><br>ORDER ON MOTION TO DISMISS |

Before the Court is Defendant Keaton Trey Souza's Motion to Dismiss the Indictment pursuant to Federal Rules of Criminal Procedure 12 for failure to state an offense. (Doc. 23). Defendant supports this motion with a brief. (Doc. 24). The Government opposes the motion and filed a response brief. (Doc. 30). Defendant filed a reply. (Doc. 33). After reviewing the parties' arguments, Defendant's motion is denied for the following reasons.

I. **Background**

On May 14, 2019, Defendant was served with a temporary order of protection and request for a hearing from the Yellowstone County Justice Court. (Doc. 25 at 7). On May 28, 2019, the justice court held a hearing on the petitioner's request for a permanent protection order against Defendant, which the court granted. (Doc. 25 at 2-3, 18-31). Neither Defendant nor a representative for

1

Defendant attended the hearing. (Doc. 25 at 3). On May 30, 2019, Defendant was served with the protection order. (Doc. 25 at 6). Defendant was 17 years old during these events. (Doc. 25 at 2).

Defendant is now charged with possession of a firearm while subject to a protection order issued after a hearing of which he received actual notice and at which he had the opportunity to participate, in violation of 18 U.S.C. § 922(g)(8). (Doc. 1). Defendant argues that the indictment must be dismissed for two independent reasons. First, Defendant asserts that the protection order is invalid because the justice court failed to appoint Defendant a guardian ad litem during the hearing, as required by Montana law for a minor subject to a protection order. (Doc. 24 at 10-13 (citing *Keller v. Trull*, 158 P.3d 439 (Mont. 2007)). Second, Defendant argues that the appointment of a guardian ad litem is necessary for a minor to have had the "opportunity to participate" in the protection order hearing, as defined by § 922(g)(8)(A). (Doc. 24 at 16-17).

In response, the Government first argues that Defendant's motion to dismiss is improper because it raises a factual question reserved for the jury. (Doc. 30 at 3-5). Next, the Government asserts that, if the motion is proper for the court to resolve, Defendant's challenge to the validity of the protection order based on Montana law is a collateral challenge prohibited by the Supreme Court's ruling in *Lewis v. United States*, 445 U.S. 55 (1980). (Doc. 30 at 6-8). Finally, the

2

Government argues that under § 922(g)(8)(A), appointment of a guardian ad litem for a minor is not required to provide Defendant with the "opportunity to participate." (Doc. 30 at 8-11). Further, the Government contends that Defendant's failure to attend the hearing bars him from claiming a violation of the statute. (Doc. 30 at 12).

## II. Analysis

Congress forbids a person from knowingly possessing a firearm if the person is subject to a court order that, in relevant part:

> (A) was issued after a hearing, of which the person received actual notice, and at which the person had an opportunity to participate;
> (B) restrains the person harassing, stalking, and threatening an intimate partner; and
> (C) explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner that would reasonably be expected to cause bodily injury.

18 U.S.C. § 922(g)(8). Defendant only challenges the sufficiency of his opportunity to participate at the protection order hearing under § 922(g)(8)(A).

### A. Collateral Challenges to Firearm Prosecutions

A person prosecuted under § 922(g)(8) cannot defend against the charge by collaterally attacking the validity of the underlying protection order. *Lewis*, 445 U.S. at 67. In *Lewis*, the Supreme Court rejected a challenge to a firearms prosecution that alleged the predicate conviction was constitutionally invalid. *Id.* at 57-58, 67. Firearms prosecutions, the Court wrote, do "not open the predicate

conviction to a new form of collateral attack." *Id.* at 67. Rather, the "mere fact of the conviction" provides the prosecution with a sufficient basis for the firearms charge. *Id.* The Court justified its holding as in conformity with federal gun law policy, namely "to keep firearms away from potentially dangerous persons." *Id.*

The Ninth Circuit applied *Lewis* to a § 922(g)(8) prosecution in which the defendant challenged the validity of a domestic violence no-contact order. *United States v. Young*, 458 F.3d 998 (9th Cir. 2006). In *Young*, Young asserted that his state court proceedings were unconstitutional because he was not afforded the traditional procedural protections of due process. *Id.* at 1004. The court, relying on *Lewis*, rejected Young's due process argument because it was a collateral attack on the constitutionality of the state court proceedings. *Id.* at 1005. The constitutionality of the proceedings, the court wrote, was "immaterial [to the federal firearms prosecution] except to the extent that the federal statute explicitly requires certain procedural protections." *Id. See also United States v. Hicks*, 389 F.3d 514, 535 (5th Cir. 2004) ("Like the provisions at issue in *Lewis* and *Chambers*, nothing in the language of 18 U.S.C. § 922(g)(8) indicates that it applies only to persons subject to a *valid*, as opposed to an *invalid*, protective order.") (emphasis in original).

Here, Defendant's first argument for dismissal of the indictment is an impermissible collateral attack on the validity of Defendant's protection order

4

because the argument relies on the hearing's violation of Montana law. A protection order providing the basis for a federal firearms prosecution only needs to conform with the requirements of § 922(g)(8); a violation of state law is "immaterial." *Young*, 458 F.3d at 1005. The proper remedy for the justice court's violation of Montana law is an appeal of the protection order in state court, not dismissal of this indictment.

## B. Scope of Opportunity to Participate under § 922(g)(8)(A)

This Court next considers whether the appointment of guardian ad litem was necessary for the Defendant to have had the "opportunity to participate" under § 922(g)(8)(A). Congress did not define "opportunity to participate" in the statute. However, the Ninth Circuit and its sister circuits agree that the plain language of the statute requires very little. *Young*, 458 F.3d at 1009; *United States v. Wilson*, 159 F.3d 280, 290 (7th Cir. 1998); *United States v. Banks*, 339 F.3d 267, 270-71 (5th Cir. 2003). As such, "'actual participation' is not necessary . . . only the mere '*opportunity* to participate.'" *Young*, 458 F.3d at 1009 (emphasis in original). The "opportunity" only requires a "proceeding during which a defendant *could have* objected to the entry of the order or otherwise engaged with the court as to the merits of the restraining order." *Id.* (emphasis in original). Importantly, no federal court has held that the appointment of a guardian ad litem for a minor

5

subject to a protective order hearing is required to satisfy the opportunity to participate under § 922(g)(8)(A).

Further, if a defendant entirely fails to participate in the merits of the order after receiving notice of the hearing, the opportunity to participate is not violated. *United States v. Fryberg*, 854 F.3d 1126, n.5 (9th Cir. 2017). In *Fryberg*, Fryberg neither attended his hearing after receiving notice, nor requested modification of or other relief from the resulting protection order after the hearing. *Id.* at 1129. The court found that, based on these facts, it was "clear" from the record that Fryberg had the opportunity to participate once he received notice of the hearing, even if he declined that opportunity. *Id.* at 1130, n.5. Notably, *Fryberg* also took no issue with the grant of the protection order solely based on the testimony of the petitioner and her mother. *Id.* at 1129.

Applying § 922(g)(8)(A)'s minimal standard to Defendant's motion, this Court finds that Defendant had, but refused, the opportunity to participate in the protection order hearing because he received notice of but then failed to appear at the hearing or to seek any type of relief from the order after the hearing. Defendant's conduct matches that of the defendant in *Fryberg*, where the court found that the satisfaction of the opportunity to participate was "clear." 854 F.3d at n.5. Appointment of a guardian ad litem in this case would make no difference, since a guardian ad litem could not have represented the interests of Defendant

6

when Defendant refused to engage the court at or after the hearing. Furthermore, Defendant's refusal to appear in front of the court does not transform the hearing to one "synonymous with that of an *ex parte* proceeding" that violates § 922(g)(8)(A). (Doc. 24 at 17). Rather, under *Fryberg*, issuance of the protection order only based on the petitioner's testimony is permissible under § 922(g)(8)(A).

Defendant's attempts to distinguish the facts of his case with others to show a violation of § 922(g)(8)(A) are unsuccessful simply because he, unlike the other defendants, declined the opportunity to participate in the merits of the protective order before, during, or after his hearing, up until this indictment. For instance, Defendant's case does not "fall[] in the same category" as *United States v. Bramer* (Doc. 33 at 12), because Bramer attended his hearing. Accordingly, the question in *Bramer* was whether, once Bramer was at the hearing, the judge provided him with or denied him the opportunity to participate. 956 F.3d 91, 93 (2d. Cir. 2020). The government did not provide sufficient evidence to show anything more than Bramer's attendance and the judge's explanation to him of what a protection order is, so the court found a violation of the opportunity to participate. *Id.* at 97-98. In contrast, the issue here is whether Defendant's refusal of his opportunity to attend the hearing or seek relief from the order thereafter disqualifies him from claiming a violation of §922(g)(8)(A). This Court holds that it does.

**C. Proper Review of a Legal Question on a Motion to Dismiss**

7

Finally, the Government argues that Defendant's challenge under § 922(g)(8)(A) is improper on a motion to dismiss the indictment because it raises a factual question fit for the jury. (Doc. 30 at 3-5). The Government is correct that this Court cannot "invade the province of the ultimate finder of fact" in deciding a motion to dismiss an indictment. (Doc. 30 at 4 (citing *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993) (internal citation omitted)). However, as the Government also notes, the Court "may make preliminary findings of fact necessary to decide legal questions presented by the motion." Doc. 30 at 4 (citing *Nukida*, 8 F.3d at 669).

Defendant's motion presents a legal question—namely, if the opportunity to participate under § 922(g)(8)(A) is violated when the Defendant was not appointed a guardian ad litem at his protective order hearing, which Defendant neither attended nor sought subsequent relief from. The only findings made by the Court on this question are: (1) whether Defendant had notice of the hearing, (2) whether Defendant appeared at the hearing, and (3) whether Defendant sought relief from the protection order after the hearing. Each of these facts pertains to the legal question presented in Defendant's motion. As such, the Court rejects the Government's contention that Defendant's motion should be denied because it presents a question of fact.

### III. Conclusion

Defendant's motion to dismiss the indictment (Doc. 23) is DENIED.

DATED this 15th day of September, 2022.

SUSAN P. WATTERS
United States District Judge